NOT DESIGNATED FOR PUBLICATION

Nos. 113,949
113,950

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSICA L. CRAVENS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; HAROLD E. FLAIGLE, judge. Opinion filed July 8, 2016. Affirmed.

*Corrine E. Gunning*, of Kansas Appellant Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., STANDRIDGE and ARNOLD-BURGER, JJ.

*Per Curiam*:  Jessica L. Cravens appeals the district court's decision to deny her motion to modify the underlying 48-month prison sentence imposed after the court revoked her probation in cases 11 CR 597 and 12 CR 1383. Cravens argues the district court abused its discretion because a modified sentence was more appropriate on the facts of her case, where her primary issue was her drug addiction. Finding no abuse of discretion, we affirm.

1

In case 11 CR 597, Cravens pled guilty on May 25, 2011, to possession of methamphetamine, no tax stamp, three counts of endangering a child, and possession of drug paraphernalia. The district court granted Cravens probation but extended the term to 18 months so that Cravens could receive drug treatment. The probation sentence included an underlying prison term of 20 months.

While on probation for case 11 CR 597, Cravens pled guilty in case 12 CR 1383 to a single count of possession of methamphetamine for an incident that occurred prior to the first conviction. In the plea agreement for case 12 CR 1383, the parties recommended a downward dispositional departure sentence of 12 months' probation with an underlying 28-month prison sentence. At the January 2013 hearing for case 12 CR 1383, the district court also addressed Cravens' violation of her probation in case 11 CR 597 by testing positive for amphetamines. The court offered Cravens a choice between: (1) immediately serving a 28-month prison sentence by running the two terms concurrently or (2) following the plea agreement recommendation of probation with an underlying 48-month prison sentence running the underlying prison terms consecutively. At Cravens' request, the district court extended Cravens' probation for 12 months and ordered the underlying sentences in the two cases be served consecutively, for a total of 48 months' probation.

After this January 2013 hearing, the district court subsequently revoked, reinstated, and extended Cravens' probation three times for probation violations, including admitted use of methamphetamines, marijuana, and alcohol. The court required Cravens to participate in a drug court program, but she also violated the conditions of drug court through sustained use of methamphetamine and alcohol and was sanctioned on five occasions. Cravens' sanctions under the two cases included three 18-month extensions of probation, several "[q]uick [d]ip" jail sanctions totaling 32 days, and a 120-day sanction in the Kansas Department of Corrections.

On January 30, 2015, the district court issued a warrant for Cravens' arrest based on allegations from her probation officer that she had violated the terms of her probation in both cases. The warrant alleged Cravens visited a bar, consumed alcohol, committed a traffic offense, and failed a drug test. The district court conducted a hearing on the matter, at which Cravens admitted to all of the violations. Thereafter, the court revoked Cravens probation in both cases.

With regard to sentencing, Cravens requested the court modify her underlying prison term from consecutive to concurrent sentences (reducing the term from 48 months to 28 months) so that she could get treatment for her drug additions sooner. In support of the request, Cravens maintained that she had struggled with drug addiction throughout the duration of her probation and that she had been successful for a short period of time while on probation. She told the court that her problems with drug addiction did not warrant 48 months in prison. The court noted that Cravens had been afforded multiple opportunities for treatment during the course of her probation, including through the drug court program. Finding that the treatment programs did not appear to have an impact on Cravens, the court denied her request for sentence modification.

ANALYSIS

On appeal, Cravens claims the district court erred in refusing to modify her underlying sentence after revoking her probation.

*Standard of review*

After a district court revokes a defendant's probation, the court's decision regarding disposition is within its sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused if judicial action

3

"(1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

The burden of showing an abuse of discretion is on the party claiming error. *State v. Tague*, 296 Kan. 993, 1002, 298 P.3d 273 (2013).

*Discussion*

The sole issue in this case is whether the district court abused its discretion in denying Cravens' motion to modify her underlying prison sentence and ordering her to serve the original underlying 48-month prison sentence. Cravens argues the district court abused its discretion in imposing the full 48-month underlying prison sentence because a modified prison sentence was more appropriate in her case, where the primary issue was her drug addiction. She claims that no reasonable person would have taken the view adopted by the court because a lesser sentence would be more beneficial to Cravens and the community.

There is no evidence that the district court abused its discretion here. At the probation revocation hearing, the court heard argument from defense counsel and the State, as well as the statement made by Cravens on her own behalf. The court reviewed Cravens' record and noted her extensive history of probation violations and related sanctions. In response to Cravens' argument about her need for earlier release to seek treatment, the district court judge readily acknowledged this issue: "I understand the problem here is addiction, Miss Cravens. That's why we set the drug court up, and that's why we try to get people to engage in the program. Sadly, it didn't take." Cravens first entered the drug court program in November 2013 and repeatedly violated the conditions

4

of that program. She was given three extensions of her probation by the court after three violations. Yet, in 2015, Cravens admitted to her probation officer that she visited a bar, consumed alcohol, committed a traffic offense, and failed a drug test. Finally, the court noted that Cravens already had served "quite a bit of time on these matters" pursuant to various sanctions, so credit for that time would be applied to the 48-month sentence. On the facts of this case, the district court did not abuse its discretion in imposing the 48-month underlying sentence.

The district court acted within the realm of its discretion by imposing the underlying 48-month prison sentence. Because reasonable persons could agree, we affirm the decision of the district court.

Affirmed.